The Vice-Chancellor.
The decree in this cause gave to the parties interested, “ liberty to apply to the court for further directions on the foot of this decree,” whenever a child of Mrs. Butler’s became of age.
This event has occurred, and the petition is presented by the trustees of the fund for further directions.
When liberty to apply is reserved in a decree, the court may proceed upon it summarily ; but the court does not so proceed upon further directions. For the latter purpose, the cause must be regularly set down for a hearing. Indeed, in strictness there must be an ex parle order obtained for bringing it to a hearing.
In this decree, I think the liberty to apply is controlled by the clause for further directions, so that the further equities mentioned in connection with it, can only be determined upon a hearing of the cause in due form. But when by reason of new facts, some additional and auxiliary provisions are requisite on the further directions, to carry into effect the decree already made, after settling the points reserved ; those facts may be brought forward by petition, and the court will hear the petition with the cause itself. So when there has been a change of parties, or an accession of new parties in interest subsequent lo the decree, but not of such a character as to require a formal revivor.
In this case there have been such changes. The New York *356 Life Insurance and Trust Company, have become trustees in the place of the defendant Halsey; two children have been born to Mrs. Butler since the entry of the decree, who are entitled to rights under it: and her daughter, who has become of age, is married to Mr. Lippincott.
It is obvious that no order can be made in the cause, without giving to these parties an opportunity to be heard; and equally so that this petition does not present all of them to the court, independent of the other difficulty already stated in regard to the further directions.
By combining this petition, or another setting forth the births and marriage adverted to, with á hearing of the cause for further directions; I think the object of the parties may be obtained, without the expense and delay of a supplemental bill. I will therefore direct, that either of the parties who appeared in the original suit, may bring it to a hearing for further directions, ■with leave to Lippincott and wife to present their claims and interests by a petition to be brought on with the cause, on notice to the other parties, and that the petition of the New York Life Insurance and Trust Company, stand over to be heard at the same time. The petition of Lippincott and wife will state the birth of the new parties, and previous to its being served with notice of its intended presentation, it must be brought forward ■ex parte, to enable the court to appoint a guardian for the two infants who are such new parties, to represent them on the hearing.
The costs of the parties who appeared on this application "will be reserved.